1  Richard K. Kuck, Idaho State Bar No. 3875
2  RICHARD K KUCK, P.C.
   P.O. Box 1390
3  8884 N. Government Way, Ste "D."
   Hayden, Idaho 83835-1390
4  Tel: 208-772-4400
5  Fax: 208-772-7243

6  Attorney for the Plaintiff, Dr. Rafael Beier

7                 IN THE UNITED STATES DISTRICT COURT

8                         DISTRICT OF IDAHO

9  DR. RAFAEL BEIER, D.O.                    )
10                                           )
                                Plaintiff,   )   Case No.
11                                           )
                                             )
12 v.                                        )
                                             )   VERIFIED COMPLAINT
13 THE CITY OF LEWISTON, BRAD MITTENDORF,    )   ALLEGING CIVIL RIGHTS
   in his capacity as a police officer of the City of  )  VIOLATIONS AND SEEKING
14 Lewiston, Idaho, JODY MUNDELL, in his capacity as )  COMPENSATORY,
   a police officer of the City of Lewiston, Idaho, JACK )  CONSEQUENTIAL AND
15 BALDWIN, in his capacity as Chief of Police of the )  PUNITIVE DAMAGES
16 City of Lewiston, Idaho, JOHN DOE and/or JANE  )
   DOE, in their official capacities as officials, employees )  DEMAND FOR JURY TRIAL
17 and/or agents of the City of Lewiston, State of Idaho, )
   NEZ PERCE COUNTY, IDAHO, a political       )
18 subdivision of the State of Idaho and RON KOEPER, )
19 in his capacity as Sheriff of Nez Perce County, Idaho, )
   and JOHN and JANES DOE in their official capacities )
20 as jailers, officials, employees and/or agents of Nez )
21 Perce County, Idaho.                        )
                                             )
22                                           )
                                Defendants.   )
23 _____

24       COMES NOW RAFAEL BEIER and for a cause of action against the above

25 named Defendants, complains and alleges as follows:

26 I. PRELIMINARY STATEMENT.
27
28       1. This is a civil rights action brought under 42 U.S.C. § 1983 and pendant state

VERIFIED COMPLAINT FOR DAMAGES - 1

1  law challenging the actions of several police officers and officials of the City of

2  Lewiston, and Nez Perce County, State of Idaho, who on June 22, 1997 employed

3  unreasonable, excessive and unwarranted force to wrongfully arrest and remove the

4
   Plaintiff, Dr. Rafael Beier, D.O, then an Officer in the Commissioned Corps of the
5
   United States Public Health Service; from his church of choice, an LDS Church, in
6

7  Lewiston, Idaho and in the process, 1) physically seized, struck and battered the

8
   Plaintiff, 2) repeatedly administered pepper spray into the face of the Plaintiff, 3)
9
   knocked the Plaintiff to the ground and handcuffed the Plaintiff's hands behind his back,
10

11 and then 4) wrongfully and dangerously confined the Plaintiff in a hot and sealed police

12 car causing the Plaintiff to suffer the suffocating effects of previously diagnosed reactive

13 airway disease and seasonal allergies aggravated by the application of pepper spray.

14       Following their assault, Dr. Beier pleaded with the officers to not confine him

15 in their hot, sealed patrol car because he was experiencing severe difficulty breathing.
16
   But the officers ignored his pleas and confined him the patrol car in absolute disregard
17

18 of the Plaintiff's breathing distress. Facing imminent suffocation, and with his voice

19 choked by Pepper Spray and his hands handcuffed behind his back,  the Plaintiff

20 attempted to gain the officers' attention by kicking the interior door panel of the patrol

21
   car.  The officers did not respond.  Fearing suffocation, the Plaintiff kicked out the back
22
23 passenger door window of the patrol car because he needed air circulation to breathe.

24 The Plaintiff did not attempt to leave the police car.

25       The City of Lewiston police officers then removed the Plaintiff from the police

26 car, hobbled his legs with plastic straps, again forcefully administered pepper spray into
27
   the face of the Plaintiff, and once again confined him in second very hot, sealed police
28

VERIFIED COMPLAINT FOR DAMAGES - 2

1 car, in which the Plaintiff lost consciousness. Dr. Beier was then transported to the Nez
2 Perce County Jail and there wrongfully imprisoned on facially false charges that he had
3
4 violated a temporary protection order, which the police officers had actually refused to
5 read prior to arresting the Plaintiff, resisted arrest and maliciously damaged the first
6 patrol car.

7 At all times during the encounter the Plaintiff had pleaded with the officers to
8 either read or otherwise verify the terms of the relevant order, which the officers
9
10 unreasonably, negligently, recklessly and/or outrageously refused to do.

11 In fact, and as a matter of law, the order did not restrain the Plaintiff from
12 attending his church at any time and at no time relevant to this action was the Plaintiff
13 in violation of the terms of any order, law, regulation or ordinance restricting his
14 attendance at the church services on June 22, 1997 from which he was violently
15 removed.
16

17 The Lewiston, Idaho area media foreseeably seized upon and published the story
18 of the encounter, including false statements regarding the incident supplied to them by
19 agents and officials of the City of Lewiston, Idaho and Nez Perce County, Idaho.

20 As the direct and proximate result of the negligent, reckless and outrageous
21 conduct of the Defendants, and each of them, 1) the Plaintiff's employment as a
22 physician with the Commissioned Corps in the United States Public Health Service was
23 terminated; further, 2) in July 1997 the Plaintiff was notified by legal counsel for the
24
25 LDS Church that because of the June 22, 1999 incident he would be arrested for
26 trespassing if he entered upon LDS Church premises anywhere within the Lewiston,
27 Idaho area; and 3) as a further consequence to the wrongful, reckless and outrageous
28

VERIFIED COMPLAINT FOR DAMAGES - 3

1  actions and conduct of the Defendants, the incident of June 22, 1997 directly led to a

2  later decision by the Idaho Board of Medicine to deny to the Plaintiff a license to

3  practice medicine in the State of Idaho.

4
5          On June 22, 1997, the negligent reckless and outrageous decisions, conduct and

6  actions of the Defendants denied the Plaintiff certain precious, vital and inalienable

7  rights guaranteed under the First, Fourth, Fifth, Ninth and Fourteenth Amendments to

8  the United States Constitution and Article 1 of the Constitution of the State of Idaho,

9  including, but not being limited to, the right of Free Exercise of Religion; the right to

10  Assembly, the right to be Free from Unreasonable Search and Seizure by agents of the

11  government; and the right to Due Process of Law pursuant to the Fifth and Fourteenth

12
13  Amendments to the United States Constitution.

14          2. The Plaintiff seeks an award of compensatory, consequential and punitive

15  damages as result of the violation of certain rights guaranteed to him by the United

16
17  States Constitution and the Constitution of the State of Idaho and for the violation of

18  federal and state laws relating to battery, false arrest, excessive force by police officers

19  and false imprisonment, all of which occurred on June 22, 1997 in the City of Lewiston,

20  State of Idaho.

21
22  II. JURISDICTION AND VENUE.

23          3. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331

24  and 1334(3) and 1334(4) which confer original jurisdiction with the Federal District

25  Courts over actions brought seeking the redress for the deprivation or rights, privileges

26  and immunities such as those recited in Paragraph 1, above.  The Court has jurisdiction

27  over the state and common law based claims pursuant to 28 U.S.C. § 1367(a) providing

28
VERIFIED COMPLAINT FOR DAMAGES - 4

for pendant jurisdiction over such claims.

4. Venue is proper in the District of Idaho because the claims arose within the State of Idaho, 28 U.S.C. 1391(b).

III.  IDENTIFICATION OF PARTIES AND CAPACITIES.

5. The Plaintiff, Dr. Rafael Beier, D.O. graduated from the University of Health Sciences College of Osteopathic Medicine, Kansas City, Missouri, in May 1991.  In 1960, Dr. Beier and his family had emigrated to the United States from the City of East Berlin, then governed by the former communist state of East Germany.  Dr. Beier is licensed to practice by the State of Washington and currently practices medicine in the State of Arizona, where he is the director of the Supai Health Station facility for the Havasupai Tribe of the Grand Canyon area of Arizona.  Prior to joining the Supai Health Station, Dr. Beier worked as a civil service physician for the Hulapai Tribe in Peach Springs, Arizona and prior to that for the Nez Perce Tribe in Lapwai, Idaho as a Commissioned Corps Officer in the Public Health Service.

6  The Defendant City of Lewiston, state of Idaho is a municipal corporation existing under the laws and constitution of the state of Idaho, and is a corporate entity capable of suing and being sued.  The city of Lewiston employees Defendants Mundell and Mittendorf and Baldwin.

7. Defendant County of Nez Perce was created under the laws and constitution of the state of Idaho and is a corporate entity capable of suing and being sued  Defendant Nez Perce county employees Defendant Koeper and operates the Nez Perce County Jail

8. Defendant Sheriff Ron Koeper was a constitutional officer of the state of Idaho. The Defendant Sheriff directed the activities of the agents and employees of the Nez Perce

VERIFIED COMPLAINT FOR DAMAGES - 5

1   County Jail, and is sued in his official capacity as the Sheriff of Nez Perce County.  At all

2   times relevant to this complaint, Sheriff Koeper was acting as the chief law enforcement

3   officer for Nez Perce county.

4        9  Defendant Brad Mittendorf was employed by the city of Lewiston, state of Idaho

5   as a Police Officer.  He is sued in that official capacity.  At all times relevant to this

6   complaint, Officer Mittendorf was acting as an agent of the city of Lewiston, state of

7

8   Idaho, and Nez Perce county.

9        10  Defendant Jody Mundell is employed by the city of Lewiston, state of Idaho.

10  He is sued in his official capacity as a Police Officer.  At all times relevant to this

11  complaint, Officer Mundell was acting as an agent of the city of Lewiston, state of Idaho

12

13  and of Nez Perce county

14       11.  Defendants John and Jane Doe are unidentified county or municipal agents or

15  officers who took part in the detention and arrest of the Plaintiff on June 22, 1997, and/or

16  the transportation and/or incarceration of the Plaintiff, and/or the decision to prosecute the

17

18  Plaintiff.  These unknown agents are sued in their official capacities, and their identities will

19  be ascertained through the discovery process.

20       12  Defendant Jack Baldwin was employed as Chief of Police by the city of

21  Lewiston, state of Idaho.  He is sued in his official capacity as Chief of Police.  At all times

22  relevant to this complaint, Chief Baldwin was acting as an agent of the city of Lewiston,

23

24  state of Idaho and of Nez Perce county.

25  IV ALLEGATIONS OF FACT.

26       13.  On the morning of June 22, 1997, Dr. Rafael Beier and his infant son attended

27  church at the LDS Church at Ripon and Orchards in the City of Lewiston, Idaho.

28

VERIFIED COMPLAINT FOR DAMAGES - 6

14.  Dr. Beier took his infant son, Benjamin, to church with him because the child's mother had some shopping to do and it was decided it would be best if Dr. Beier took the baby Benjamin to Church with him.

15.  When Dr. Beier arrived at the church, he sat in the very back of the Church in the overflow area of the Chapel  Dr. Beier did not see either his estranged wife, Susan, or his sons Dresden and Joseph in the Chapel and did not make an attempt to determine whether they were present

16.  Approximately fifteen (15) minutes into the service the baby Benjamin began to fuss so Dr. Beier took the baby into the foyer area of the Chapel.

17.  While there, Dr. Beier's sons Dresden and Joseph approached him and briefly explained that Dr. Beier's estranged wife, Susan, was upset that the Plaintiff was present at the church because she had obtained a restraining order against him.

18.  Dr. Beier explained to his sons that the restraining order did not prohibit him from attending the Church and then returned to his previous seat at the back of the Chapel.

19.  Dr. Beier and his infant son remained in the Chapel for the gospel doctrine class

20.  Approximately half way through the gospel doctrine class, Bishop Douglas Piper approached Dr. Beier and informed him that his wife was upset that Dr. Beier was in the Church and had informed the Bishop that she had a restraining order against Dr. Beier.

21.  Dr. Beier explained to Bishop Piper that the restraining order did not prohibit him from attending the Church, even if his wife was present.

22.  Bishop Piper seemed satisfied with the explanation, but informed Dr. Beier that he thought Dr. Beier's wife might call the police.

VERIFIED COMPLAINT FOR DAMAGES - 7

23. Dr Beier and Bishop Piper agreed that Dr. Beier could remain at the Church, but Dr. Beier promised Bishop Piper that if his wife did call the police that he would leave the Chapel to talk with officers so that the daily meeting would not be disturbed.

24. Following the gospel doctrine class, a priesthood session started in the Chapel. During the priesthood session, Defendant Mundell arrived at the Church

25. Approximately five (5) to ten (10) minutes after Officer Mundell arrived at the Church the Bishop and Dr. Beier's sons Dresden and Joseph came into the Chapel to inform Dr Beier that Officer Mundell wanted to speak with him regarding the restraining Order.

26. Dr Beier, with Benjamin in his left arm, and his scriptures in his right hand, left the Chapel and entered the foyer of the Church

27. Dr Beier felt that he could reason with Officer Mundell and point out to him that the terms of the restraining order had not been violated and did not prevent him from attending Church, even if his wife and sons were in attendance

28 Officer Mundell was immediately abusive and confrontational with Dr. Beier.

29. Officer Mundell directed Dr Beier to step outside of the Church.

30. Because of the threatening, hostile and abusive demeanor exhibited by Officer Mundell, Dr Beier felt more secure in the foyer of the Church than outside the Church

31. At that time, Bishop Piper did not request that Dr Beier to leave the Church foyer

32 Officer Mundell became continually more abusive and demeaning. He taunted Dr. Beier to "come out of the Church like a man and quit hiding behind your baby."

33 Following Officer Mundell's statement, Dr Beier looked at Bishop Piper and

VERIFIED COMPLAINT FOR DAMAGES - 8

the Bishop said "Rafael you promised if you stayed here you would talk to the police without everybody seeing the police here at the Church."

34  Dr. Beier then stepped outside of the Church to discuss the matter further with Officer Mundell.

35. As Dr. Beier stepped outside of the Church, Officer Mundell became more aggressive and told Dr. Beier that he was in violation of a civil protection order.

36. Dr Beier told Officer Mundell that he was mistaken and that he should read the protection order before making any such allegation.

37. Dr. Beier verbally asserted his right to freedom of religion

38. At that point Officer Mittendorf arrived on the scene as a back-up officer.

39  Officer Mundell informed Dr. Beier that he was required to leave the Church and that he was going to be cited for violation of a domestic violence retraining order.

40 Dr. Beier asserted his right to the free exercise of religion and asked the officers to read the domestic retraining order before compelling him to leave his religious services.

41  Following the discussion between Dr. Beier and the police officers, Officer Mittendorf exclaimed "we have had enough of this, you are under arrest."

42.  Officer Mittendorf then directed Dr. Beier to give to him the infant Benjamin as Officer Mittendorf grabbed for the child.

43. The child, already frightened by the officers loud and abusive voices, started to cry as Officer Mittendorf grabbed at him.

44. Officer Mittendorf then grabbed Dr. Beier's right arm and twisted Dr. Beier's arm behind his back.

45. Officer Mittendorf's actions were so sudden that Dr. Beier dropped his

VERIFIED COMPLAINT FOR DAMAGES - 9

scriptures and almost dropped the infant, Benjamin.

46.  Dr. Beier's son Joseph took hold of Benjamin to prevent him from falling to the ground as Officer Mittendorf twisted Dr Beier's right arm and prepared to kick Dr Beier's legs out from under him to knock Dr. Beier to the concrete walkway.

47. Officer Mittendorf then performed a "leg sweep" on Dr. Beier to knock Dr. Beier to the ground.

48.  Dr. Beier landed on his stomach on the concrete, but his face landed in some small bushes that were next to the pavement   Branches from the bushes were scratching his eyes, so Dr Beier rolled onto his back.

49. At that point, Officer Mittendorf sprayed Dr. Beier directly into the face with three (3) or four (4) blasts of pepper spray.

50  Apparently unsatisfied that he had sprayed Dr Beier directly into the eyes, nose and mouth with the first application of pepper spray, Officer Mittendorf again applied a second three (3) to four (4) second blast of pepper spray directly into Dr Beier's face.

51. Dr. Beier's eyes immediately began to water and burn and he immediately began experiencing severe difficulty breathing.

52. At no time prior to Officer Mittendorf's use of force upon Dr. Beier, did Dr. Beier physically resist the officers.

53. Rather, Dr. Beier verbally pleaded with the officers to stop their attack on himself and his children and read the restraining rder.

54  As Dr Beier pleaded with the officers to read the restraining order and stop their attack, Officer Mundell jumped in to assist Officer Mittendorf in rolling Dr Beier back onto his stomach.  The officers used great force with that task, and pulled Dr. Beier's

VERIFIED COMPLAINT FOR DAMAGES - 10

1 | hair and grasped at his clothing

2 | 55. After Dr. Beier had rolled onto his stomach, Officer Mundell placed his hands
3 | on the back of Dr Beier's head and forced Dr. Beier's face into the pavement.

4 | 56. The officers then dragged Dr. Beier to their police car which had been standing
5 | in the hot weather with both doors and windows closed

7 | 57. When Dr Beier was placed in the police car he immediately began to
8 | experience severe difficulty breathing as a result of the multiple applications of pepper
9 | spray and the related acute exacerbation of reactive airway disease, a condition with which
10 | Dr. Beier had been previously diagnosed

12 | 58. With his eyes watering, his throat burning, and suffering the effects of lack of
13 | oxygen, and feeling the onset of bronchial spasm, Dr. Beier informed Officers Mundell and
14 | Mittendorf that he was having severe difficulty breathing

15 | 59. Regardless of Dr Beier's breathing distress, Officers Mundell and Mittendorf
16 | confined Dr. Beier in their hot, sealed patrol car.

18 | 60. Fearing loss of consciousness and subsequent suffocation, Dr Beier attempted
19 | to gain the officers' attention by attempting to yell, and by kicking the interior door panel
20 | of the patrol car. When the officers did not respond, Dr Beier kicked the window from
21 | the back door of the patrol car to allow for greater air circulation.

22 | 61. After the window broke, the officers dragged Dr. Beier from the patrol car and
24 | threw him to the pavement.

25 | 62 Dr. Beier began to yell in a choked voice that he could not breath, and that the
26 | officers were killing him

27 | 63. The officers reacted by repeatedly applying additional pepper spray to face of

28 |

VERIFIED COMPLAINT FOR DAMAGES - 11

1  Dr Beier and by hobbling Dr Beier with plastic straps and placing him in a second hot

2  and sealed patrol car at the location

3      64. Once in the patrol car, Dr Beier gradually lost consciousness and did not

4
   awaken until he arrived at the Nez Perce County Jail, where he was incarcerated under
5
   charges related to his violation of the domestic restraining order (Idaho Code § 39-6312),
6
7  malicious injury to property (Idaho Code § 18-7001) and resisting arrest (Idaho Code § 18-

8  705)

9      65. Upon information and belief, Defendants Mundell and Mittendorf acted

10
   pursuant to a customary and common understanding of the police powers granted by Idaho
11
   Code Section 18-705.
12
13     66. Upon information and belief, Defendants Mundell and Mittendorf arrested the

14  Plaintiff pursuant to arrest policies of the city of Lewiston, state of Idaho.

15     67. Upon information and belief, Defendants Mundell and Mittendorf informed the

16
   Defendant that he would be cited for violation of a domestic relations order pursuant to
17
18  policies and procedures of the city of Lewiston, state of Idaho

19     68 The Plaintiff was charged by the officers with resisting arrest, malicious injury

20  to property and violation of a civil protection order as noted above.

21     69  On October 21, 1997, all charges brought against Dr. Beier resultant of this

22  incident were dismissed by order of the District Court of the Second Judicial District of the
23
   State of Idaho, in and for the County of Nez Perce.
24
25  V. ALLEGATIONS OF LAW

26     70. All of the acts of the Defendants, the officers, agents, servants and employees

27  as alleged in this complaint were engaged in, and conducted by the Defendants, not as

28

   VERIFIED COMPLAINT FOR DAMAGES - 12

individuals, but under the color and pretense of the statutes, ordinances, regulations, customs and usages of the city of Lewiston, and/or the state of Idaho

71   As a result of the conduct and actions of the Defendants and each of them, on June 22, 1998, the Plaintiff, Dr. Rafael Beier has suffered the depravation of certain rights guaranteed to him by the constitutions of the United States and the state of Idaho including the right to free exercise of religion, the right to be free from unreasonable search and seizure, the right to assemble with others, and the right to equal protection of the law of the city of Lewiston, county of Nez Perce, state of Idaho and of the United States of America.

72.   As the result of the actions and conduct of the Defendants, and each of them, on June 22, 1997, the Plaintiff, Dr  Rafael Beier has suffered the past, present and future depravation of rights to the chilling effect which the negligent, reckless and outrageous conduct exhibited by the Defendants on June 22, 1997

FIRST CAUSE OF ACTION - 42 U.S.C § 1983
*FREEDOM OF RELIGION*

73. The Plaintiff reasserts Paragraphs 1 through 72 of the Complaint, as though the same had been fully set forth in this first cause of action.

74. The City of Lewiston has a policy or procedure which permits police officers to make demands upon individuals such as the Plaintiff to remove themselves from bona fide places of religious worship and sacrament based upon an un-investigated allegation that an individual's presence constitutes a violation of a domestic violence protection order, in violation of the guarantees of religious freedom contained in the First Amendment to the United States Constitution and Article 1 of the Constitution of the State of Idaho.

75. The policy or procedure is an unconstitutional abridgement of the Plaintiff's

VERIFIED COMPLAINT FOR DAMAGES - 13

right to the free exercise of religion secured by the First Amendment to the United States Constitution and Article 1 of the Constitution of the State of Idaho.

76. The policy is an unconstitutionally overbroad restriction on the free exercise of religion.

77. The policy is not crafted so has to minimize the intrusive effect of an un-investigated arrest on the free exercise of religion by the person arrested.

78. The policy is unconstitutionally vague and vests arbitrary discretion in the police to determine whether or not to issue and citation or effectuate the arrest and subsequent removal of a person from their place of worship for an alleged violation of a domestic violence restraining order.

79. As a direct and proximate result of the Defendants' actions, undertaken by policy, practice, custom or lack of training, the Plaintiff was denied his right to worship in the church of his choice and has suffered and continues to suffer harm and damages.

80. WHEREFORE, the Plaintiff prays for relief as set forth below.

## SECOND CAUSE OF ACTION - 42 U.S.C § 1983
### FREEDOM OF ASSEMBLY

81. The Plaintiff reasserts Paragraphs 1 through 80 of the Complaint, as though the same had been fully set forth in this second cause of action.

82. The City of Lewiston has a policy or procedure which permits police officers to make demands upon individuals such as the Plaintiff to remove themselves from bona fide places of peaceful assembly and association based upon an un-investigated allegation that an individual's presence constitutes a violation of a domestic violence protection order, in violation of the guarantees of freedom to assemble and associate

VERIFIED COMPLAINT FOR DAMAGES - 14

contained in the First Amendment to the United States Constitution and Article 1 of the Constitution of the State of Idaho.

83. The policy or procedure is an unconstitutional abridgement of the Plaintiff's right to assembly and association secured by the First Amendment to the United States Constitution and Article 1 of the Constitution of the State of Idaho.

84. The policy is an unconstitutionally overbroad restriction on the freedoms of assembly and association and is not crafted so has to minimize the intrusive effect of an uninvestigated arrest on the freedom of assembly and association on the part of the person arrested.

85. The policy is unconstitutionally vague and vests arbitrary discretion in the police to determine whether or not to issue and citation or effectuate the arrest and subsequent removal of a person from their place of worship for an alleged violation of a domestic violence restraining order.

86. As a direct and proximate result of the Defendants' actions, undertaken by policy, practice, custom or lack of training, the Plaintiff was denied the right to Assemble and Associate with persons of his choosing and has suffered and continues to suffer harm and damages.

87. WHEREFORE, the Plaintiff prays for relief as set forth below.

### THIRD CAUSE OF ACTION - 42 U.S.C § 1983
#### *UNREASONABLE SEIZURE*

88. The Plaintiff reasserts Paragraphs 1 through 87 of the Complaint, as though the same had been fully set forth in this third cause of action.

89. The City of Lewiston has a policy or procedure which permits police officers

VERIFIED COMPLAINT FOR DAMAGES - 15

1   to make demands upon individuals such as the Plaintiff to remove themselves from bona

2   fide places of religious worship and peaceful assembly and association based upon an

3   un-investigated allegation that an individual's presence constitutes a violation of a

4

5   domestic violence protection order, in violation of the guarantees of freedom of religion

6   and of the freedom to assemble and associate contained in the First Amendment to the

7   United States Constitution and Article 1 of the Constitution of the State of Idaho.

8        90.  The City of Lewiston has a policy or procedure which permits police

9   officers to arrest persons who refuse to remove themselves from bona fide places of

10

11  religious worship, free assembly and association based upon the uninvestigated

12  allegation that a person's presence constitutes a violation of a domestic violence

13  protection order, in violation of the freedom from unreasonable seizure guaranteed by

14  the Fourth Amendment to the United States Constitution and Article 1 of the

15

16  Constitution of the State of Idaho.

17       91.  The policy or procedure is an unconstitutional abridgement of the Plaintiff's

18  right to be secure in his person, places and effects in violation of the Fourth Amendment

19  to the United States Constitution and Article 1 of the Constitution of the State of Idaho.

20       92.  The policy is unconstitutionally vague and vests arbitrary discretion in the

21  police to determine whether or not to issue a citation or effectuate the arrest and

22

23  subsequent removal of a person from their place of worship for an alleged violation of a

24  domestic violence restraining order.

25       93.  As a direct and proximate result of the Defendants' actions, undertaken by

26  policy, practice, custom or lack of training, the Plaintiff was denied the right to

27

28  Assemble and Associate with persons of his choosing and has suffered and continues to

VERIFIED COMPLAINT FOR DAMAGES - 16

1  suffer harm and damages.

2  94. WHEREFORE, the Plaintiff prays for relief as set forth below.

3  FOURTH CAUSE OF ACTION - 42 U.S.C § 1983 & State Law
4  *UNREASONABLE FORCE & BATTERY*

5  95. The Plaintiff reasserts Paragraphs 1 through 94 of the Complaint, as though

6  the same had been fully set forth in this third cause of action.

7

8  96. On June 22, 1997, under the facts alleged in Paragraphs 1-69, above,

9  Officers Mundell and Mittendorf used and applied unjustified and unreasonable force

10  upon the Plaintiff while wrongfully arresting the Plaintiff on the allegation that his

11  presence at the LDS Church near the intersection of Ripon and Orchards in the City of

12  Lewiston, Idaho constituted a violation of a domestic violence protection order.  The

13
14  unreasonable application of force included:

15  a. Employing a leg sweep technique to forcefully knock the Plaintiff to the
   cement ground.
16  b. Repeatedly applying pepper spray to the face of the Plaintiff.
17  c. Dragging the Plaintiff across the cement ground to the patrol car causing rips
   in the Plaintiff's clothing and bruises and abrasions to the Plaintiff's body.
18  d. Confining the Plaintiff in hot, sealed patrol cars after repeatedly applying
   pepper spray directly in the Plaintiff's eyes, nose and mouth causing the Plaintiff
19  to experience severe difficulty in breathing and eventual loss of consciousness.
   e. Applying hobbles to the Plaintiff while the Plaintiff was experiencing serious
20  respiratory distress.

21
22  97. As a direct and proximate result of the Defendants' actions, undertaken by

23  policy, practice, custom or lack of training, the Plaintiff was denied the right to

24  Assemble and Associate with persons of his choosing and has suffered and continues to

25  suffer harm and damages.

26  73. WHEREFORE, the Plaintiff prays for relief as set forth below.

27
   FIFTH CAUSE OF ACTION - 42 U.S.C § 1983 & State Law
28

VERIFIED COMPLAINT FOR DAMAGES - 17

### FALSE ARREST & IMPRISONMENT

98. The Plaintiff reasserts Paragraphs 1 through 97 of the Complaint, as though the same had been fully set forth in this third cause of action.

99. The City of Lewiston has a policy or procedure which permits police officers to arrest individuals such as the Plaintiff to remove themselves from bona fide places of religious worship and peaceful assembly and association based upon an uninvestigated allegation that an individual's presence constitutes a violation of a domestic violence protection order, in violation of the guarantees of freedom of religion and of the freedom to assemble and associate contained in the First Amendment to the United States Constitution and Article 1 of the Constitution of the State of Idaho and the right to be free from unreasonable search and seizure as guaranteed by the Fourth Amendment to the United States Constitution and Article 1 of the Constitution of the State of Idaho.

100. At no time on June 22, 1997 did the Plaintiff violate the terms of the restraining order forming the basis for the Plaintiff's arrest on that date.

101. At no time prior to arresting the Plaintiff on June 22, 1997, did either Officer Mundell or Mittendorf read or otherwise ascertain the contents of the Order forming the basis for their arrest of the Plaintiff on that date, even though the officers knew, or should have known, the order was in the possession of the complaining witness at the time and place of the incident.

102. Had Officers Mundell or Mittendorf read the Order forming the basis for the arrest of the Plaintiff on June 22, 1997, it would have been clear to an Officer of normal prudence that the Plaintiff had not violated any of the terms and conditions of

VERIFIED COMPLAINT FOR DAMAGES - 18

normal prudence that the Plaintiff had not violated any of the terms and conditions of that Order on June 22, 1997.

103.  Nonetheless, on June 22, 1997 Officers Mundell and Mittendorf arrested the Plaintiff for violating the terms of the relevant domestic violence restraining order.

104. Following his arrest on June 22, 1997, the Plaintiff's liberty was wrongfully denied him by his detention by Officers Mundell and Mittendorf and by his later incarceration in the Nez Perce County Jail.

105. Further, on June 22, 1997, individuals unknown to the Plaintiff, but designated as Defendants John or Jane Doe in this Complaint, and who, on June 22, 1997 were agents, officials or employees of the City of Lewiston or Nez Perce County, Idaho, informed persons attempting to secure the release of the Plaintiff on bail, with cash bail, that the Plaintiff was not eligible for bail and would be held overnight on June 22, 1999 until the Plaintiff could be arraigned the morning of June 23, 1999.

106.  That at that place and time, the Plaintiff was being held only on misdemeanor charges for which statutory bail is provided in the State of Idaho.

107.  That due to the false and misleading information provided to persons seeking to achieve the Plaintiff's release on bail, the Defendant was wrongfully held and detained by the Defendants from approximately 12:00 p.m. on June 22, 1997 until 9:00 p.m. on June 22, 1999.

108. As a direct and proximate result of the Defendants' actions, undertaken by policy, practice, custom or lack of training,  the Plaintiff has suffered and continues to suffer harm and damages.

109. WHEREFORE the Plaintiff prays for relief as set forth below.

VERIFIED COMPLAINT FOR DAMAGES - 19

SIXTH CAUSE OF ACTION - 42 U.S.C § 1983 & State Law
*DENIAL OF COUNSEL & MEDICAL TREATMENT*

110. The Plaintiff reasserts Paragraphs 1 through 109 of the Complaint, as though the same had been fully set forth in this third cause of action.

111. On June 22, 1997 Nez Perce County had a policy or procedure to deny individuals such as the Plaintiff the right to counsel by refusing to allow such individuals access to a telephone for the purpose of contacting counsel of their choice.

112. One June 22, 1997, while incarcerated at the Nez Perce County Jail on misdemeanor charges of violating a domestic violence restraining order, resisting arrest and malicious injury to property, the Plaintiff requested that individuals designated in this Complaint as John and Jane Doe, who, on June 22, 1997, were agents, officials and/or employees of the City of Lewiston or Nez Perce County, Idaho, permit him access to a telephone so that he could contact legal counsel of his choice.  Said unknown agents, officials or employees of the City of Lewiston, Idaho or Nez Perce County, Idaho refused to allow the Plaintiff to contact his attorney prior to the time that the Plaintiff had posted bail and was released.

113. On June 22, 1997 Nez Perce County had a policy or procedure to deny medical care and treatment to individuals such as the Plaintiff who had been subjected to the repeated application of pepper spray by police officers.

114. On June 22, 1997, in the Nez Perce County Jail, as Dr. Beier continued to suffer the burning and suffocating effects of the multiple applications of pepper spray he repeatedly requested and then demanded that he be seen by a physician who could assist him with the treatment and cleaning of the pepper spray applied to his face by Officers

VERIFIED COMPLAINT FOR DAMAGES - 20

Mundel and Mittendorf.

115. That on June 22, 1997 individuals whose identities are unknown to the Plaintiff and who are designated in this Complaint as John and Jane Doe, and who, on June 22, 1997, were agents, officials and/or employees of the City of Lewiston or Nez Perce County, Idaho, refused to provide medical care or treatment to Dr. Beier, and told Dr. Beier to simply wash the pepper spray from his face and eyes using the sink in his cell.

116. As a direct and proximate result of the Defendants' actions, undertaken by policy, practice, custom or lack of training, the Plaintiff has suffered and continues to suffer harm and damages.

117. WHEREFORE the Plaintiff prays for relief as set forth below.

VI. NOTICES

118. A Notice of Tort Claim was timely filed and served upon the City of Lewiston and upon Nez Perce County, Idaho pursuant to law.

VII. DAMAGES SUMMARY

119. The Plaintiff claims an entitlement to all damages and remedies provided by law arising out of the allegations set forth in paragraphs 1-118, above, including, but not being limited to:

    a. Deprivation of Civil Rights in the amount of Three Million Dollars.
    b. Damage to name and reputation in an amount to be proven at trial.
    c. Loss of income opportunity in an amount to be proven at trial.
    d. Loss of wages in an amount to be proven at trial.
    e. Pain, suffering and emotional distress in an amount to be proven at trial.

WHEREFORE the Plaintiff prays that the Court:

1. Exercise its jurisdiction over this matter.

VERIFIED COMPLAINT FOR DAMAGES - 21

2. Enter its judgment that the actions, policies and procedures exhibited and enforced by the Defendants on June 22, 1997 denied the Plaintiff his rights of free exercise of religion, assembly, association, due process and the right to be free from unreasonable search and seizure as guaranteed by the Constitutions and Laws of the United States and the State of Idaho and constituted false arrest under excessive force and false imprisonment.

3. Order the Defendants to pay to the Plaintiff the sum of THREE MILLION DOLLARS ($3,000,000.00) for the deprivation of the Plaintiff's civil rights together with such other compensatory, incidental and consequential damages as are proven at trial.

4. Award to the Plaintiff the costs of litigation, including reasonable attorneys fees pursuant to 42 U.S.C. § 1988; and,

5. Grant such other and further relief as the Court may deem reasonable and just and proper.

DATED THIS 1<u>c</u> day of June, 1999.

_____
Richard K. Kuck, Idaho State Bar No. 3875
RICHARD K. KUCK, P.C.
8884 N. Government Way, Suite D
Post Office Box 1390
Hayden, Idaho 83835-1390
(208) 772-4400
Fax: (208) 772-7243.

VERIFIED COMPLAINT FOR DAMAGES - 22

1

2

3 VERIFICATION OF COMPLAINT

4

5

6     I, Rafael W. Beier, D.O., a citizen of the United States and resident of the State

7 of Arizona, and hereby declare that I have read the foregoing Verified Complaint for

8 Damages and the factual allegations therein, and that the facts alleged are true and

9 correct to the best of my knowledge.

10

11

12 _____
        Rafael W. Beier, D.O.

13     SUBSCRIBED AND SWORN TO BEFORE ME, a notary public for the State of

14 Idaho this 17th day of June 1999.

15

16 _____
        Notary Public for Idaho

17     Residing at: _____

18     Commission Expires: _____



19

20

21

22

23

24

25

26

27

28

VERIFIED COMPLAINT FOR DAMAGES - 23